**In re SHARP.**

**Patent Appeal No. 2253.**

Court of Customs and Patent Appeals.
April 10, 1930.

Towson Price, of Washington, D. C. (J. H. Milans and C. T. Milans, both of Washington, D. C., of counsel), for appellant.

T. A. Hostetler, of Washington, D. C., for the Commissioner of Patents.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

GARRETT, Associate Judge.

In this case appellant made an application embracing three claims for a process of forming lock nuts. Both the Examiner and the Board of Appeals rejected the claims, and the matter is brought before this court by appeal from the Board.

Claim No. 1 illustrates the alleged invention, and may be taken as typical:

"1. The process of forming a lock nut, consisting in forming the nut blank with the bolt hole therein, and then depressing one face portion only thereof at a plurality of points about the bolt hole, to provide condensed portions with an unaffected elevated portion there-between, then threading the nut and thereafter depressing the elevated part to cause the threads beneath the same to be slightly distorted from their normal position."

The claims were rejected on a prior patent to appellant on lock nuts and process of making same, No. 1,271,782, issued July 9, 1918.

It appears that, by the process claimed, the lock nuts are produced by depressing through pressure one face of a nut blank at several points about the bolt hole so as to leave an elevated central portion. The nuts are then threaded, and the elevated portion is depressed by pressure so as to deflect or distort some of the threads from their normal position, and thus create a nut which locks on the bolt when screwed upon it.

The specification states:

"* * * In practice I have employed the process successively ['successfully'] in what is termed 'cold pressed nuts,' although a similar process can be employed by the hot process."

The Board of Appeals quotes the finding of the Examiner as follows:

"It is thus seen that the difference between the process disclosed in the application and that in the patent is that in the former the blank is formed with a hole therein and then compressed to effect the ridge on one face thereof, while in the patent the ridge and hole are produced in one step of pressing the blank."

Both the Examiner and the Board agreed that, so far as patentability is concerned, it is "immaterial whether the nut is formed with the hole and ridge simultaneously in one step, as in the patent, or successively in two steps, as in this application."

The steps of threading and depressing the ridge to deflect the threads are the same in the patent as in the application.

No exclusive cold pressure process is claimed, but, even if it were, that would probably not alter the situation.

The tribunals of the Patent Office have agreed in their rejection of the claims, and we find no error in their conclusions. The decision of the Board is affirmed.

Affirmed.